Christopher Pirrone, SBN 236100
KIMBALL, TIREY & ST. JOHN LLP
2300 Clayton Road, Suite 1350
Concord CA 94520
Telephone: (800) 525-1690
Facsimile: (800) 281-1911

Attorneys for Plaintiff,
EQUITY RESIDENTIAL MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN LOISEAU, KATRINA DANIELLE MINOR, and DOES 1 TO 10, Inclusive<br><br>Defendants. | Case No: 18-cv-01395-LB<br><br>**NOTICE OF MOTION AND MOTION TO REMAND CASE, AND REQUEST TO BAR FUTURE REMOVALS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>*[Filed Concurrently with Request for Judicial Notice and Declaration in Support of Motion]*<br><br>Date: April 19, 2018<br>Time: 9:30 am<br>Ctrm: C, 15th Floor<br>Location: San Francisco Courthouse, 450 Golden Gate |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD, IF ANY: PLEASE TAKE NOTICE that on April 19, 2018 at 9:30 am, or as soon thereafter as the matter may be heard in Courtroom C, 15th Floor, of the above-entitled court, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, 94102, EQUITY RESIDENTIAL MANAGEMENT, LLC., "Plaintiff" will move this Court for an order remanding this case to the Superior Court of the State of California, Contra Costa County.

This motion is made on the grounds that there is no federal subject matter jurisdiction in this action and substantial defects in the removal procedure of Defendant, KEVIN LOISEAU,

("Defendants"). Simply put, this is an unlawful detainer action involving only the issue of possession of real property located at 2116 Canyon Village Circle, San Ramon, which has been improperly removed to this Court by the Defendants.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto in support of the motion, Declaration in Support of Motion, the Request for Judicial Notice filed concurrently herewith and the pleadings and papers on file in this action and upon such further oral and/or documentary evidence as may be presented at the hearing on this matter.

THEREFORE, Plaintiff moves for an order by this Court remanding this case to the Superior Court of the State of California, Contra Costa County, and for a bar on any future Removals of this Unlawful Detainer action.

Dated: March 8, 2018

Respectfully submitted,
**KIMBALL, TIREY & ST. JOHN, LLP**

By: */s/ Christopher Pirrone*
Christopher Pirrone
Attorney for Plaintiff,
EQUITY RESIDENTIAL MANAGEMENT, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND FACTS

Plaintiff, seeks an order remanding this case back to the Superior Court of the State of California, Contra Costa County, from where it was improperly removed by Defendants, for lack of federal subject matter jurisdiction and substantial defects in Defendant's removal procedure, specifically, defects in the form and content of Defendants' removal notice.

The facts of this case are straightforward. This is a residential Unlawful Detainer Action ("UD Action") solely based upon the non-payment of rent. The action was commenced after the Defendants failed to pay rent or vacate the property located at 2116 Canyon Village Circle, San Ramon, following service upon them on January 5, 2018 of a Three (3) Day Notice to Pay Rent or Quit.

On January 25, 2018, Plaintiff filed an Unlawful Detainer action against Defendants in the Contra Costa County Superior Court, Case No. MS18-0058 (the State Court Action").[1]  In the State Court Action, Plaintiff seeks to recover possession of the Property and past due rent. On or about February 3, 2018, Plaintiff served the underlying summons and complaint in the State Court Action on the Defendants, and thereafter Defendants filed a Demurrer to the Plaintiff's complaint.[2]

The Court overruled the Defendants' Demurrer on February 14, 2018.[3]  Defendants thereafter filed an Answer to the Complaint.[4]  A Court Trial was accordingly scheduled for March 7, 2018.  Defendant appeared at Court Trial and provided notice of the removal to Federal Court.

To the extent that the Court is willing to address the merits of this removal, as set forth

---

[1] A true and correct copy of the Complaint is attached herein as Exhibit 1 to the Request for Judicial Notice ("RJN") and is filed concurrently herewith and incorporated herein by reference.
[2] A true and correct copy of the Proofs of Service of Summons and Complaint are attached as Exhibit "2" to the RJN and are filed concurrently herewith and incorporated herein by reference.
[3] A true and correct copy of the Order Overruling the Defendants' Demurrer is attached as Exhibit "3" to the RJN and is filed concurrently herewith and incorporated herein by reference.
[4] A true and correct copy of the Answer is attached as Exhibit "4" to the RJN and is filed concurrently herewith and incorporated herein by reference.

above, the instant action involves only the non-payment of rent in a residential property. The face of the Complaint identifies one cause of action for unlawful detainer. The action presents neither federal question basis nor a diversity basis for federal jurisdiction. Since this action is more properly the subject of state court litigation, it is clear that Defendant's attempts to litigate the State Court Action in Federal Court is a farce, designed solely to harass the Plaintiff, and cause it to incur further litigation costs.

Accordingly, Plaintiff moves for an order by this Court remanding this case to the Superior Court of the State of California, San Mateo County, and a bar on any future removals of this Unlawful Detainer action. Without such bar, Defendants will not cease this pattern of improper removal as she is reaping rewards for her wasteful conduct.

## II. REMAND IS NECESSARY BECAUSE THERE ARE NO GROUNDS FOR FEDERAL SUBJECT MATTER JURISDICTION

In California, there is a "strong presumption against removal,"[5] Accordingly, the "removing party always has the burden of establishing that removal is proper."[6] and since the "removal statue is strict construed... any doubt about the right of removal is resolved in favor of remand."[7]

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treatises of the United States.[8] A defendant may remove to federal court any action over which the federal court would have had original subject matter jurisdiction.[9]

### 1. There is No Federal Question Jurisdiction

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiffs right to

---

[5] *Mattel, Inc v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005).
[6] *Davis v. Prentiss Ltd.*, 66 F. Supp.2d 1112, 1113 (C.D. Cal. 1999).
[7] Id.
[8] *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005).
[9] 28 U.S.C. §1441.

relief necessarily depends on a resolution of a substantial question of federal law.[10] The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint.[11] The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.[12] The existence of a defense based on federal law, however, is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue.[13]

There is no basis for federal question jurisdiction because the Complaint at issue does NOT allege or plead any claim raising a federal question "arising under federal law," as required to invoke federal jurisdiction. In fact, the face of the complaint specifically states one cause of action for Unlawful Detainer. California Civil Procedure section 1161(2) provides in part:

> "A tenant of real property . . . is guilty of unlawful detainer:
> When he or she continues in possession, in person or by subtenant, without permission of his or her landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payments shall have been served upon him or her . . ."

As such, an Unlawful Detainer action is very narrow in scope and only addresses these few state law issues, based entirely on the California Civil Code and Code of Civil Procedure, not federal law.

In conclusion, there is no federal question presented in this Unlawful Detainer Action, and this case should therefore be remanded to state court immediately so that Plaintiff can move forward with the action.

2. **There is no Diversity Jurisdiction under 28 U.S.C. § 1332 because the Amount in Controversy is Less than $75,000 and Defendant has Failed to Show Diversity of the Parties.**

Pursuant to 28 U.S.C. § 1332, defendants seeking removal must show that they and the plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000.

---

[10] *Federal Tax Bd. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841 (1983).
[11] *Wayne v. SIIL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).
[12] *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S. Ct. 96 (1936).
[13] *Wayne v. SIIL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

As stated in the Unlawful Detainer Complaint, the Unlawful Detainer action in this case seeks less than $10,000.[14] Thus, the Defendants failed to establish amount in controversy to invoke diversity jurisdiction under 28 U.S.C. §1332. Additionally, Defendants have also failed to prove that there is, in fact, diversity in citizenship by attaching evidence showing or proving the diversity of the parties.[15] As such, Defendants have failed to meet the burden with respect to this issue.

Since Defendants have failed to provide evidence with respect to the amount of controversy or the citizenship of the parties or the diversity of the parties in this matter, and because the amount in controversy is clearly less than $75,000.00, Plaintiff's Motion to Remand this case back to the state court should be granted.

## III. PLAINTIFF IS ENTITLED TO A COURT ORDER BARRING FUTURE REMOVALS IN THIS ACTION

When a party files a removal with the Court they certify that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances is not presented for an improper purpose, the claims are warranted by existing law or an argument to modify the law that is non-frivolous, and the factual allegations will have evidentiary support.[16] When a party files a removal that is unreasonable under the circumstances, it is evident that they are filing them for the improper purpose of delaying the proper action against them.

In the instant matter, the Defendants have filed the removal as a bad faith maneuver to abuse the Court processes in order to retain possession of the property without payment and to stall the eviction in the lawful eviction action to which the Defendants have no defense.

## IV. CONCLUSION

Based on the foregoing, it is clear that Defendants' removal of this action to the

---

[14] See RJN, Ex. 1.
[15] See Defendants' Notice of Removal, generally.
[16] USCS Fed Rules Civ. Proc. R 11.

Federal Court is improper, as neither federal question nor diversity jurisdiction exists in this Unlawful Detainer Action.

Accordingly, this motion to remand should be granted with an order barring future removals of this action from State Court.

Date:  March 8, 2018                    KIMBALL, TIREY & ST. JOHN LLP

*/s/ Christopher Pirrone*
Christopher Pirrone
Attorney for Plaintiff,
EQUITY RESIDENTIAL MANAGEMENT, LLC