UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>KEVIN LOISEAU, et al.,<br><br>              Defendants. | Case No. 18-cv-01395-LB<br><br>**ORDER DIRECTING REASSIGNMENT; REPORT AND RECOMMENDATION TO REMAND**<br><br>Re: ECF No. 6 |

**OVERVIEW**

Plaintiff Equity Residential Management LLC, the owner of a residential property, filed an unlawful-detainer case against two tenants, defendants Kevin Loiseau and Katrina Minor, in the Superior Court of California, County of Contra Costa.[1] Mr. Loiseau removed the action from state court on March 2, 2018, asserting federal-question jurisdiction.[2] Equity Residential moved to remand the case back to state court.[3] Mr. Loiseau has not identified any federal question, and no

---

[1] Notice of Removal – ECF No. 1 at 5–8. Record citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. Ms. Minor is not listed as a party on the federal docket, but she was named as a defendant in the state-court complaint. *See id.* at 6.

[2] *Id.* at 1–3.

[3] Mot. to Remand – ECF No. 6.

ORDER; REPORT AND RECOMMENDATION – No. 18-cv-01395-LB

basis for federal-court jurisdiction appears on the face of the complaint. Remand to state court therefore is appropriate.

Mr. Loiseau's deadline to file a response to Equity Residential's motion to remand was March 23, 2018. Mr. Loiseau did not file a response. The court also instructed the defendants to file consents or declinations to proceed before a magistrate judge by April 12, 2018. Neither defendant filed a consent or declination. As the defendants have not consented to magistrate-judge jurisdiction, this case must be reassigned. The undersigned orders the clerk of court to reassign this case to a district judge and recommends that the newly assigned judge remand the case back to the California state court.

## ANALYSIS

Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal-question jurisdiction. 28 U.S.C. § 1441(a)–(c). The burden is on the removing defendant to establish the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).

### 1. Diversity Jurisdiction

There is no basis for diversity jurisdiction. Mr. Loiseau's civil cover sheet states that both he and Equity Residential are residents of Alameda County, California.[4] Additionally, the complaint alleges less than $10,000 in damages,[5] well under the $75,000 requirement for diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction therefore does not exist.

---

[4] Civil Cover Sheet – ECF No. 1–1.

[5] Compl. – ECF No. 1 at 6 ("ACTION IS A LIMITED CIVIL CASE. Amount demanded does not exceed $10,000.").

### 2. Federal-Question Jurisdiction

Mr. Loiseau claims that this case presents federal-question jurisdiction.[6] He argues in his Notice of Removal that "[t]he complaint presents federal questions" and "[f]ederal question exists because Defendant's Demurrer, a pleading[,] depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law."[7] The complaint does not present any federal questions, only a state-law unlawful-detainer claim. Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). As for Mr. Loiseau's argument that his demurrer presents federal questions, the "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. A federal question raised only in a response to a complaint is not sufficient to establish jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Because the defendant has not identified any federal question in the complaint in his Notice of Removal, the case must be remanded to state court.

### CONCLUSION

The undersigned directs the clerk of court to reassign this case to a district judge. The undersigned recommends that the newly assigned district judge remand this action to the Superior Court of Contra Costa, California, for want of federal subject-matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[6] Notice of Removal – ECF No. 1 at 2.

[7] *Id.* (¶¶ 5, 10).

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. L.R. 72-3. Failure to file written objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: April 16, 2018

_____
LAUREL BEELER
United States Magistrate Judge